# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THOMAS EVANS, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>vs.<br><br>RICHARDSON, PLOWDEN & ROBINSON, P.A., LVNV FUNDING, LLC, AND RESURGENT CAPITAL SERVICES, LP<br><br>          Defendants. | CIVIL ACTION NO. 3:12-2358-CMC<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF ACTION

1. This is a class action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendants transact business in this State and this district.

1

## PARTIES

4. Plaintiff Thomas Evans ("Plaintiff") is a natural person who at all relevant times resided in the State of South Carolina, County of Greenwood.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Richardson, Plowden, & Robinson, P.A. ("Richardson"), is a domestic, for-profit professional association in good standing with the South Carolina Secretary of State.

7. Richardson may be served by and through its registered agent: Franklin J. Smith, Esquire, 1600 Marion St, Columbia, SC 29201.

8. Richardson at all relevant times engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Richardson is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant, Resurgent Capital Services, L.P. ("RCS") is a Delaware corporation in good standing with the South Carolina Secretary of State.

11. RCS may be served by and through its registered agent: C T Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223.

12. RCS is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. RCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Defendant, LVNV Funding, LLC, ("LVNV") is a Delaware corporation in

good standing with the South Carolina Secretary of State.

15. LVNV may be served by and through its registered agent: C T Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223.

16. LVNV is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff.

17. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. Plaintiff is obligated, or allegedly obligated, to pay a debt once owed or due, or asserted to have been once owed or due a creditor other than Richardson, RCS, and LVNV, (collectively, "Defendants").

19. Plaintiff's obligation, or alleged obligation, once owed or due, or asserted to have been owed or due a creditor other than Defendants, arose from a transaction in which the money, property, insurance, or services that were the subject of the transaction were incurred primarily for personal, family, or household purposes.

20. Plaintiff's obligation, or alleged obligation, to pay a debt once owed or due, or asserted to have been owed or due a creditor other than Defendants, arose from the use of a Sears Citibank credit card.

### Debt-Collection Efforts Directed At Plaintiff

21. In connection with the collection of an alleged debt in default, Richardson, itself and on behalf of LVNV and RSC, sent Plaintiff an initial written communication dated February 17, 2012, and in such communication, stated in relevant part as follows:

> 3. The debt described in the attached letter will be assumed to be valid by the Creditor's law firm unless you, the debtor, within thirty (30) days after the receipt of this notice, dispute the validity of the debt or any portion thereof in writing.

(See Correspondence dated February 17, 2012, attached hereto as Exhibit A).

22.     In the February 17, 2012 correspondence, Defendants provided an inaccurate disclosure of Plaintiff's rights under 15 U.S.C. § 1692g(a)(3).

23.     By requiring Plaintiff to exercise his rights under 15 U.S.C. § 1692g(a)(3) in writing, Defendants failed to meaningfully convey the notice required by 15 U.S.C. § 1692g(a)(3).

24.     By requiring Plaintiff to exercise his rights under 15 U.S.C. § 1692g(a)(3) in writing, Defendants violated 15 U.S.C. § 1692g(b) by communicating information that is inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

### The Richardson-RCS-LVNV Relationship.

25.     Richardson, RCS, and LVNV—as "debt collectors" who materially participated, directly and/or indirectly, in the conduct giving rise to the claims stated herein—are each separately liable for violating the FDCPA as alleged herein.

26.     RCS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

27.     LVNV purchases debts once owed or once due, or asserted to be once owed

or once due a creditor.

28. LVNV acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

29. LVNV is thoroughly enmeshed in the debt collection business, and LVNV is a significant participant in RCS's debt collection process.

30. LVNV's website states that it "purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."

31. LVNV's website further states the following regarding its relationship with RCS:

> The management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, independent, specialized, licensed collection agencies.

32. RCS services debt collection accounts and communicates with consumers directly, but it does so through the support and at the direction of LVNV.

33. Upon information and belief, RCS is a wholly owned subsidiary of LVNV.

34. LVNV's website directs those wishing to speak to a customer service representative of Resurgent to Resurgent's website.

35. LVNV retained RSC to collect Plaintiff's alleged debt.

36.     Upon information and belief, RCS outsourced collection of Plaintiff's alleged debt to Richardson.

37.     Upon information and belief, Richardson engaged in collection activity at the direction and on behalf of RCS and LVNV.

38.     While Plaintiff sent a validation request to Richardson on February 18, 2012, he received the verification of his debt on March 15, 2012 from RCS.

39.     The privacy notice in Richardson's February 17, 2012 correspondence is nearly identical to the privacy notice RCS sent in its March 15, 2012 correspondence.

40.     RCS and LVNV are themselves debt collectors who each materially participated directly or indirectly and/or facilitated, authorized, and/or ratified Richardson's unlawful course of action and/or conduct.

41.     Upon information and belief, an agreement exists between Richardson and RCS and/or LVNV that directs or controls the performance of Richardson's collection activity with respect to Plaintiff's alleged debt.

42.     In accordance with this apparent agreement, because RCS and LVNV each materially participated directly or indirectly and/or facilitated, authorized, and/or ratified Richardson's unlawful course of action and/or conduct, they are each separately liable for Richardon's violations of the FDCPA.

43.     In addition to their separate liability which arises from their direct and indirect participation in the conduct complained of, as "debt collectors" as defined by the FDCPA, RCS and LVNV are each also vicariously liable, jointly and severally, for the

violations of the FDCPA committed by Richardson—the debt collector they engaged to collect an alleged debt on their behalves.

## CLASS ALLEGATIONS

44. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in South Carolina who, within one year before the date of this complaint, received a letter from Richardson in connection with an attempt to collect any consumer debt owed or alleged to be owed to LVNV, where the letter was substantially similar or materially identical to the letter delivered to Plaintiff.

45. The proposed class specifically excludes The United States of America, the states of the Fourth Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of The United States Court of Appeals for the Fourth Circuit and the Justices of The United States Supreme Court, all officers and agents of Defendants and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

46. The class is averred to be so numerous that joinder of members is impracticable.

47. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

48. Upon information and belief, Richardson sent a letter substantially similar or materially identical to the letter sent to Plaintiff to at least 100 individuals located in South Carolina.

49. Upon information and belief, Defendants maintain business records to record their collection efforts.

50. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

51. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to:

> (a) The existence of Defendants' identical conduct particular to the matters at issue;
>
> (b) Defendants' violations of 15 U.S.C. § 1692 *et seq.*,
>
> (c) The availability of statutory penalties; and
>
> (d) Attorney's fees and costs.

52. The claims of Plaintiff are typical of those of the class he seeks to represent.

53. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

54. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

55. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

56. Plaintiff is willing and prepared to serve this Court and proposed class.

57. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

58. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

60. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

61. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

62. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

63. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)
## RICHARDSON

64. Plaintiff repeats and re-alleges each and every allegation contained above.

65. Richardson violated 15 U.S.C. § 1692g(a)(3) by failing to meaningfully convey the disclosures required by 15 U.S.C. § 1692g(a).

66. "The plain language of subsection (a)(3) indicates that disputes need not be made in writing, and the plain meaning is neither absurd in its results nor contrary to legislative intent. Thus, there is no writing requirement implicit in § 1692g(a)(3). [A]

10

collection notice violate[s] § 1692g insofar as it state[s] that disputes must be made in writing." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Richardson violated 15 U.S.C. § 1692g(a).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff.

d. Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000 or 1 per centum of the net worth of the debt collector.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)
## RCS

67. Plaintiff repeats and re-alleges each and every allegation contained above.

68. Richardson violated 15 U.S.C. § 1692g(a)(3) by failing to meaningfully convey the disclosures required by 15 U.S.C. § 1692g(a).

69. RCS by virtue of its status as a "debt collector" under the FDCPA, is vicariously liable, jointly and severally for actions of Richardson, the debt collector collecting an alleged debt from Plaintiff on its behalf.

11

70. RCS is separately liable for violating 15 U.S.C. § 1692g(a)(3) by engaging a party to send initial communications on its behalf which failed to meaningfully convey the disclosures required by 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

   b. Adjudging that RCS is vicariously liable for the conduct of Richardson.

   c. Adjudging that RCS violated 15 U.S.C. § 1692g(a).

   d. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff.

   e. Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000 or 1 per centum of the net worth of the debt collector.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692g(a)
### LVNV

71. Plaintiff repeats and re-alleges each and every allegation contained above.

72. Richardson violated 15 U.S.C. § 1692g(a)(3) by failing to meaningfully convey the disclosures required by 15 U.S.C. § 1692g(a).

73.     LVNV by virtue of its status as a "debt collector" under the FDCPA, is vicariously liable, jointly and severally for actions of Richardson, the debt collector collecting an alleged debt from Plaintiff on its behalf.

74.     LVNV is separately liable for violating 15 U.S.C. § 1692g(a)(3) by engaging a party to send initial communications on its behalf which failed to meaningfully convey the disclosures required by 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

   b. Adjudging that LVNV is vicariously liable for the conduct of Richardson.

   c. Adjudging that LVNV violated 15 U.S.C. § 1692g(a).

   d. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff.

   e. Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000 or 1 per centum of the net worth of the debt collector.

f. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

g. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

h. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(b)
## RICHARDSON

75. Plaintiff repeats and re-alleges each and every allegation contained above.

76. Richardson violated 15 U.S.C. § 1692g(b) by communicating information that is inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Richardson violated 15 U.S.C. § 1692g(b).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff.

d. Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000 or 1 per centum of the net worth of the debt collector.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(b)
## RCS

77. Plaintiff repeats and re-alleges each and every allegation contained above.

78. Richardson violated 15 U.S.C. § 1692g(b) by communicating information that is inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

79. RCS by virtue of its status as a "debt collector" under the FDCPA, is vicariously liable, jointly and severally for actions of Richardson, the debt collector collecting an alleged debt from Plaintiff on its behalf.

80. RCS is separately liable for violating 15 U.S.C. § 1692g(b) by communicating information that is inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that RCS is vicariously liable for the actions of Richardson.

c. Adjudging that RCS violated 15 U.S.C. § 1692g(b).

d. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff.

e. Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000 or 1 per centum of the net worth of the debt collector.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(b)
## LVNV

81. Plaintiff repeats and re-alleges each and every allegation contained above.

82. Richardson violated 15 U.S.C. § 1692g(b) by communicating information that is inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

83. LVNV by virtue of its status as a "debt collector" under the FDCPA, is vicariously liable, jointly and severally for actions of Richardson, the debt collector collecting an alleged debt from Plaintiff on its behalf.

84. LVNV is separately liable for violating 15 U.S.C. § 1692g(b) by communicating information that is inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

16

b. Adjudging that LVNV is vicariously liable for the actions of Richardson.

c. Adjudging that LVNV violated 15 U.S.C. § 1692g(b).

   i. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per named plaintiff.

   j. Awarding all other class members statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $500,000 or 1 per centum of the net worth of the debt collector.

   k. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

   l. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

   m. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

85. Plaintiff is entitled to and hereby demands a trial by jury on all counts.

DATED this 16th day of August, 2012.

        Respectfully submitted,

        /s/ Holly E. Dowd
        Holly E. Dowd (N.C. Bar No. 37533)
        Weisberg & Meyers, LLC
        409A Wakefield Dr.
        Charlotte, NC 28209
        (888) 595-9111 ext. 260
        (866) 565-1327 (fax)
        hdowd@attorneysforconsumers.com
        ATTORNEYS FOR PLAINTIFF